**FILED**

OCT 15 2021

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **MICHELLE L. SNYDER,** | ) | **CASE NO.    1:20 CV 2144** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| | ) | |
| **FINLEY & CO., L.P.A.,** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Motion for Summary Judgment filed by Plaintiff, Michelle L. Snyder ("Ms. Snyder") (Docket #11) and the Motion for Summary Judgment filed by Defendant, Finley & Co., L.P.A. ("Finley") (Docket #12).

**I.      Factual and Procedural Background.[1]**

In early 2018, Zukerman, Lear & Murray Co., L.P.A. ("Zukerman") was hired by Ms. Snyder's husband, Charles D. Snyder ("Mr. Snyder"), to represent him in a criminal case. Mr. Snyder and Zukerman entered into an agreement regarding the same on March 19, 2018. Mr. Snyder did not pay Zukerman for all of the legal fees and expenses incurred during Zukerman's

---

[1]

The facts as stated in this Memorandum Opinion are taken from the Parties' submissions. Those material facts that are controverted and supported by deposition testimony, affidavit, or other evidence are stated in the light most favorable to the non-moving Party.

representation.

### A.    Underlying Case in the Cuyahoga County Court of Common Pleas.

On August 30, 2019, Finley, a debt collector, filed a Complaint in the Cuyahoga County Court of Common Pleas on behalf of Zukerman, Case No. CV-19-920725, against Mr. and Ms. Snyder, seeking to collect over $70,000.00 in past due attorneys' fees and expenses ("the Collections Action"). Finley sought to recover the past due amounts from Ms. Snyder pursuant to Ohio's "necessaries doctrine," arguing certain legal fees constitute "necessaries" under Ohio law for which a spouse is liable.

On February 24, 2020, Ms. Snyder filed a Motion to Dismiss the Collections Action, arguing that under Ohio law, fees for her husband's criminal defense are not necessaries and, therefore, that she is not liable for the unpaid amounts. On May 1, 2020, the Cuyahoga County Court of Common Pleas dismissed all of the claims asserted by Finley against Ms. Snyder.

Finley made additional filings supporting Zukerman's claim against Ms. Snyder in the Collections Action and filed an Interlocutory Appeal of the dismissal.[2]

---

[2]

On July 8, 2021, the Ohio Eighth District Court of Appeals dismissed the Appeal for lack of a final appealable order, stating as follows:

Zukerman's necessaries claim against Michelle seeks to hold her liable for the debt of her husband. However, any liability against her is contingent on the validity of Zukerman's action on account and unjust enrichment claims against Charles. If the court finds that Charles is not liable on Zukerman's account, then Michelle is not liable. Even if the necessaries doctrine applied in this case, Michelle could only be liable, if Charles is liable for the debt. And, in that case, Michelle could only be liable to the extent of Charles' liability. In other words, even if the necessaries doctrine applied to this case, the amount of the damages would have to be adjudicated before judgment could be rendered against her. Thus, Zukerman's claim against Michelle touches the same facts, legal issues, and circumstances as the claims that remain pending in the trial court. The necessaries

-2-

**B.    Fair Debt Collection Practices Act Lawsuit.**

On August 26, 2020, during the pendency of Finley's Appeal of the dismissal of the

underlying Collections' Action, Ms. Snyder filed a Complaint against Finley in the Cuyahoga

County Court of Common Pleas, Case No. 20 CV 936470, alleging a single claim against Finley

for violation of the Fair Debt Collection Practices Act ("the FDCPA Action"). On September

22, 2022, Finley removed the case to this Court. In her FDCPA Action, Ms. Snyder alleges that

Finley had no legal basis to file a claim against her, or send dunning letters and other

correspondence to her in an attempt to collect on her husband's debt to Zukerman. Ms. Snyder

alleges that Finley's "false, misleading, or deceptive statements" regarding the debt owed are

violations of the FDCPA.

**C.    Motions for Summary Judgment.**

On March 29, 2021, the Parties each filed a Motion for Summary Judgment. (Docket #s

11and 12.) Opposition Briefs were filed on May 19, 2021. (Docket #s 19 and 20.) Reply Briefs

were filed on June 2, 2021. (Docket #s 22 and 23.) Finley filed a Supplemental Brief on June

11, 2011. (Docket #25.)

Ms. Snyder argues that, by naming her as a Defendant in the Collections Action, Finley

falsely represented that she owed a debt to Zukerman, in violation of the FDCPA. She argues

that her husband's legal fees are not "necessaries" under Ohio Rev. Code § 3103.03 and,

> claim against Michelle is, therefore, not a separate and distinct branch of the
> litigation, and trial court's order dismissing Zukerman's necessaries claim is,
> therefore, not a final, appealable order.

> (July 8, 2021 Journal Entry and Opinion, Case No. 110063, Eighth District Court of
> Appeals.)

-3-

therefore, that there was no legal basis for Finley's claim against her. Ms. Snyder argues that the Ohio Supreme Court has extended Ohio Rev. Code § 3103.03 to include payment of a spouse's attorneys fees only on two occasions – requiring a husband to pay his wife's attorneys' fees in connection with enforcement of child support obligations and requiring a husband to assist his wife in paying for attorneys' fees to protect her from his wrongful conduct – both of which are factually distinguishable from this case.

Finley argues that it asserted its claim under Ohio's Necessaries Doctrine against Ms. Snyder in good faith and that the FDCPA does not prohibit an attorney "from asserting a claim in good faith, even if that claim '"turns out ultimately to be unsuccessful."'" (Docket 25 at p. 5, quoting *Heintz v. Jenkins*, 514 U.S. 291, 296 (1995). Finley argues that the legal defense of one's spouse during marriage is a necessary; that Ms. Snyder benefitted from Zukerman's representation of her husband; and, that Finley's representation of Zukerman and the claims raised against Ms. Snyder were legally reasonable. Finley asserts that it included Ms. Snyder in the Collections Action because the Ohio Supreme Court, in the two cases cited by Ms. Snyder as being factually distinguishable, held that a spouse's legal fees are necessary expenses under the Ohio Necessaries Statue. Finley asserts that it "reasonably believed" that attorney fees for criminal defense were necessary expenses in this case. (Declaration of David Finley, Docket #20-1 at Paragraph 3.)

## II. Standard of Review.

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The burden of showing the absence of any such "genuine issue"

-4-

rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The relevant facts in this case are not in dispute. Accordingly, the application of the FDCPA to those facts is a question of law. *Sheriff v. Gillie*, 136 S. Ct. 1594, 1603 n.7 (2016).

## III.    Discussion.

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. "In order to establish a claim under § 1692e: (1) plaintiff must be a 'consumer' as defined by the Act; (2) the 'debt' must arise out of transactions which are "primarily for personal, family or household purposes;" (3) defendant must be a 'debt collector' as defined by the Act; and (4) defendant must have violated § 1692e's prohibitions." *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. Ohio 2012). A consumer is entitled to recover actual and/or statutory damages for violations of the FDCPA. 15 U.S.C. § 1692k(a). As set forth above, Ms. Snyder argues that attorneys' fees incurred in defense of criminal charges against one's spouse do not

-5-

constitute "necessaries" under Ohio law and, therefore, that Finley violated the FDCPA's prohibition against using false, deceptive or misleading representations in connection with the collection of a debt when it filed its claim against her in the Collections Action.

In the context of claims arising under the FDCPA's prohibition against "false, deceptive, or misleading" representations, the Sixth Circuit has held, "Just as a lawyer does not 'misrepresent' the facts by making a factual contention later proved wrong, a lawyer does not 'misrepresent' the law by advancing a reasonable legal position later proved to be wrong." *Van Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889, 895-96 (6th Cir. Mich. 2020). Legal allegations "must be objectively baseless, not just later proved wrong, to be actionable under the Act." *Id.* at pp. 896-97. Finley argues that under existing Ohio law, it was reasonable for it to file a claim against Ms. Snyder in the Collections Action.

Ohio Rev. Code § 3013.03, Ohio's Necessaries Statute, reads, in part, as follows:

(A) Each married person must support the person's self and spouse out of the person's property or by the person's labor. If a married person is unable to do so, the spouse of the married person must assist in the support so far as the spouse is able. The biological or adoptive parent of a minor child must support the parent's minor children out of the parent's property or by the parent's labor.

As set forth above, the Ohio Supreme Court has twice ruled that attorneys' fees are "necessaries" for which one's spouse can be held liable under Ohio's Necessaries Statute – once in the context of attorneys' fees incurred enforcing child support obligations and once in the context of a legal action addressing a husband's wrongful conduct toward his wife. *Wolf v. Friedman*, 20 Ohio St. 2d 49 (Ohio 1969); *Blum v. Blum*, 9 Ohio St. 2d 92 (1967). The Ohio Supreme Court has never specifically addressed whether attorneys' fees incurred by one spouse in the context of a criminal defense constitute necessaries. Finley's claim against Ms. Snyder was, at the very least, arguable

-6-

under Ohio law and not objectively baseless.  Although ultimately unsuccessful, Finley did not

misrepresent the facts or the law but, rather, alleged and argued an unsuccessful theory of

recovery against Ms. Snyder.  Finley's claim against Ms. Snyder did not constitute the use of a

false, deceptive, or misleading representation or means in connection with the collection of a

debt for purposes of the FDCPA.[3]

## IV.    Conclusion.

For the foregoing reasons, the Motion for Summary Judgment (Docket #12) filed by

Defendant, Finley & Co., L.P.A., is hereby GRANTED.  The Motion for Summary Judgment

(Docket #11) filed by Plaintiff, Michelle Snyder, is hereby DENIED.

This case is hereby terminated.

IT IS SO ORDERED.

DONALD C. NUGENT
Senior United States District Judge

DATED: October 15, 2021

---

[3]

The question of whether attorneys' fees stemming from criminal charges brought
against one's spouse are necessaries as contemplated under Ohio Rev. Code § 3013.03 is
not before this Court. While the Supreme Court of Ohio has not addressed this issue, it is
unlikely that under the facts and circumstances in this case the Court would broaden the
scope of "necessaries" to include attorneys' fees incurred by one spouse during a criminal
matter.